CZERNECKI *v.* CZERNECKI.

1. DIVORCE—PHYSICAL DIVISION OF FARM.

Defendant husband may not complain as to physical division of 43½-acre farm by decree of divorce whereby wife was awarded house and garage and one-half acre and westerly half of balance and husband the barn and outbuildings and one-half acre and easterly half of balance on ground that evidence failed to show location of the buildings where circuit judge made a specific finding that house and garage were on westerly half of the property and defendant made no record that buildings awarded parties were not on their respective portions and it appears property was more valuable for platting purposes than for operation as a farm.

2. SAME—DIVISION OF PROPERTY.

Property adjustment whereby wife received property valued at about $15,000 and husband a net total of over $12,000 *held,* not inequitable in view of fact that custody of two minor children was awarded wife along with alimony of $15 per week and $7.50 per week each for the two children until the further order of the court.

3. SAME—SUPPORT OF 18-YEAR-OLD SON.

Provision of divorce decree awarding $7.50 weekly for support of 18-year-old son, then a senior in high school, until completion of his high school education and until the further order of the court *held,* proper where father earned about $90 a week as welder and steam fitter.

Appeal from Kalamazoo; Fox (Raymond W.), J. Submitted July 7, 1949. (Docket No. 23, Calendar No. 44,434.) Decided October 10, 1949. Rehearing denied December 8, 1949.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 17 Am Jur, Divorce and Separation, § 445 *et seq.*
[3] 17 Am Jur, Divorce and Separation, § 692 *et seq.*

Bill by Anna Czernecki against Julius Czernecki for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Gemrich, Moser & Cristy,* for plaintiff.

*John Bloem,* for defendant.

NORTH, J.  This appeal by defendant husband in a divorce action pertains only to the provisions of the decree relating to division of property, permanent alimony decreed to the wife, and support money for an 18-year-old son of the parties.  Plaintiff and defendant are natives of Poland who during their minority came to the United States.  Thereafter they were married in 1916 and became parents of 7 children.  The separation occurred in 1941.  One son, Edward, was killed in 1944, while in military service.  When the case was heard in October, 1948, the 2 minor children were Paul, 18 years of age and a senior in high school, and Mary, 14 years of age, who was in her first year in high school.

In 1929, defendant purchased a farm of 43½ acres for $7,000.  He built a 10-room house thereon in 1930, which has been the family home.  By trade defendant is a welder and steam fitter, and the property, including farm stock and equipment, was paid for from his earnings.  The whole family appears to have taken part in carrying on the farm work, and the family lived largely on the farm produce and earnings from the farm.  Since 1941 or 1942, following the separation, defendant occupied one room in the farm home but took his meals elsewhere.  Notwithstanding his ample ability so to do, defendant in later years failed to properly provide for his family and in consequence plaintiff was compelled to expend approximately $2,500 of her own funds for

household necessities. Defendant drank excessively. Frequently he came home in a drunken condition, abused and assaulted plaintiff and other members of the family. Defendant's misconduct may have influenced to some extent the trial judge's disposition of the parties' property rights, but we think not in an undue degree.

With a reasonably fair measure of accuracy the property possessed by these parties and the disposition decreed by the court, with valuation disclosed by the testimony, is set forth in plaintiff's brief substantially as follows:

### Property Decreed to Plaintiff

| | |
|---|---:|
| Dwelling, garage, and ½ acre .......... | $ 7,500.00 |
| Defendant decreed to pay plaintiff ..... | 1,000.00 |
| Westerly half of 42½ acres at $300 per acre | 6,375.00 |
| Total ...................... | $14,875.00 |

### Property Decreed to Defendant

| | |
|---|---:|
| Barn and outbuildings with ½ acre ...... | $ 2,500.00 |
| Moneys deposited in two bank accounts.. | 668.83 |
| Cash in defendant's possession ........ | 404.00 |
| War bonds with accrued interest ...... | 2,127.17 |
| Steers on farm ...................... | 875.00 |
| Hay on farm ......................... | 144.00 |
| Farm tools and equipment ............ | 420.00 |
| Wheat growing on farm ............... | 102.00 |
| Easterly half of 42½ acres at $300 per acre | 6,375.00 |
| Total ...................... | $13,616.00 |

Deduct from above:

| | | |
|---|---:|---:|
| Note for purchase price of steers .................. | $480.00 | |
| Amount defendant decreed to pay plaintiff .............. | 1,000.00 | $ 1,480.00 |
| Net total ................... | | $12,136.00 |

Some minor items do not appear in the above. For example, plaintiff was given the household furniture and furnishings, while defendant was given the 1940 Plymouth automobile. The circuit judge found that "counsel more or less conceded that one (of these items) might be offset against the other." Further in considering the quantum of property to be divided the circuit judge did not include $596 which plaintiff received as insurance and proceeds of the estate of her son Edward who, as above noted, was killed in 1944 while in military service. Another item, the omission of which is stressed by defendant, is that plaintiff, as beneficiary under a government insurance policy issued to the son Edward, has since her son's death received, and will during her life receive, monthly payments of $51.80.

The main aspect of defendant's complaint relates to the disposition decreed of the home farm property located near the city of Kalamazoo, title to which property was held by the entireties. In objecting to the division made of the farm property it is defendant's contention:

"That there was no evidence as a basis for the physical division of the farm; that such a division would leave the barn and outbuildings with only salvage value; that the farm had always been used as a farm, and should continue to be used as such until a sale thereof could be had; that the only disposition the court could make thereof on the record was to make the parties tenants in common, and grant plaintiff the sole use of the dwelling and garage and the defendant the sole use of the balance of the farm, until it should be sold; and that such a result would be fair to, and beneficial to the interests of, both."

In considering the above matter the circuit judge in a filed memorandum said:

"It is urged that these parties should be made tenants in common of the real estate. This would never work and would only necessitate another suit to divide the property."

Defendant now asserts there was no testimony as to the value of the farm as farm property, but instead that the valuation of $300 per acre was in contemplation of platting the property. Further defendant points out the absence of any testimony that the easterly half of the farm is equally valuable as the westerly half, or that the house decreed to plaintiff is on the westerly half of the property and the barn and outbuildings awarded to defendant are on the easterly half. However the circuit judge did specifically find that the house and garage are located on the westerly half of the farm property. Defendant has made no showing that the house and garage decreed to plaintiff are not on the westerly half of the farm property, or that the barn and outbuildings decreed to him are not on the easterly portion thereof. It is too late for defendant to now raise these issues. He should have made his record in the circuit court; if necessary incident to an application for rehearing in the circuit court. Nothing appears in the record before us indicating that the physical division of the property was ill-advised; and it quite conclusively appears from the record that this property is too valuable to be evaluated as farm property, but instead is suitable for platting and on that basis has the market value adopted by the circuit judge. Our review of this record brings the conclusion that the decreed property adjustment between these parties was not inequitable, and we find no justification for altering in that respect the decree entered in the circuit court, especially in view of further facts about to be noted.

The remaining provisions of the decree of which appellant complains are the awarding to plaintiff of alimony at $15 per week until plaintiff remarries or until the further order of the court; and the awarding of $7.50 per week for the support of the 18-year-old son, Paul. No complaint is made of the provision that defendant shall also pay $7.50 per week for the support of his 14-year-old daughter Mary until the further order of the court.

The custody of both of these minors was decreed to plaintiff. There is testimony that owing to plaintiff's nervous condition she is at times under care of a physician. The testimony discloses, and the circuit judge found, that plaintiff had been a good and faithful wife. In his finding he said: "This plaintiff has given the best years of her life to this marriage, and the court is satisfied has done all within her power to make a success of the marriage." She has assumed in the main the burden of caring for and rearing the children of this marriage; and incident thereto she has expended much, if not all, of the money she received in her personal right incident to the death of her son Edward. On the other hand, defendant, who at the time of the hearing in the circuit court was 55 years of age, and for a considerable time had been somewhat afflicted with asthma, as a welder and steam fitter has reasonably steady employment resulting in substantial earnings. In this particular the record discloses that his earnings are approximately $90 per week; that in 1946 he earned $3,557.57; in 1947, during which defendant was not continuously employed, he earned $3,205.64; and in 1948, during the 10 months preceding the trial, he earned about $3,180. In view of the record and especially in view of the fact that the decree for alimony to plaintiff is subject to modification by the trial court in the event of change of cir-

cumstances, we find no justification for altering this phase of the circuit court's decree.

Nor do we find justification for altering the decree wherein it provided weekly payments of $7.50 for the support of the 18-year-old son, Paul, who at the time the decree was entered, was a high school senior. We note in the findings of the circuit judge it is stated that the decree "may provide for $7.50 a week for the support of Paul until he completes his high school education." But the decree provided for such payments "until the further order of this court." In view of the father's abundant ability to assist in the support of his son Paul until the conclusion of his high school education, there could seem to be no question about the justness of the provision made for that period. Whether payments of this character should be continued in the future in the event Paul continues his education beyond high school, or whether there are other circumstances justifying further payments in support of Paul, is a matter which is also subject to review and alteration in the trial court.

In reaching our conclusion we are mindful the trial court ordered defendant to pay to plaintiff's attorney an attorney fee of $250. The decree entered in the circuit court is affirmed, with costs to appellee. The case is remanded to the circuit court with jurisdiction to hear and determine any subsequent proceedings in this case.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.